1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **DISTRICT OF NEVADA**

8

| | | |
|---|---|---|
| LORI FOX, | ) | |
| Plaintiff, | ) | |
| | ) | 2:12-cv-01591-RCJ-CWH |
| vs. | ) | |
| | ) | |
| COLORADO CASUALTY INSURANCE CO., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

14    This case arises out of an insurance company's alleged refusal to pay the full policy limits

15 under an underinsured motorist ("UIM") policy.  Pending before the Court is a motion to remand.

16 For the reasons given herein, the Court denies the motion.

17 **I.    FACTS AND PROCEDURAL HISTORY**

18    Plaintiff Lori Fox was involved in a car accident with a drunk driver on March 11, 2011,

19 at which time she had an active UIM policy (the "Policy") issued by Defendant Colorado

20 Casualty Insurance Co. ("CCIC") providing coverage of $100,000 per person, $300,000 per

21 incident, and $10,000 in medical payments. (Compl. ¶¶ 10–11, Sept. 7, 2012, ECF No. 1-1; Mot.

22 Remand 9:24–27, Sept. 25, 2012, ECF No. 9).  On or about April 3, 2012, Plaintiff made a policy

23 limits demand on Defendant though her attorney, but Defendant refused to pay anything except

24 the $10,000 in medical payments. (Compl. ¶ 12; Mot. Remand 9:27–10:3).

25    Plaintiff sued Defendant in state Court on three causes of action: (1) breach of contract;

1  (2) bad faith; and (3) unfair claims practices, asking for compensatory, consequential, and

2  punitive damages, attorney's fees, and costs.  Defendant removed.  Plaintiff has moved to remand

3  for failure to satisfy the amount-in-controversy requirement.

4  **II.     LEGAL STANDARDS**

5        Assuming complete diversity, federal courts have jurisdiction over state claw claims

6  where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).  Where a complaint

7  specifies no precise amount of damages, a removing defendant bears the burden of showing by a

8  preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v.*

9  *Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

10  **III.    ANALYSIS**

11        The Court is convinced by a preponderance of the evidence that the amount in

12  controversy exceeds $75,000.  The question is not answered by the amount prayed for in a

13  complaint.  In Nevada, a plaintiff must include in her complaint a recital that she seeks in excess

14  of $10,000 in order to invoke the general jurisdiction of the district court and avoid the limited

15  jurisdiction of the justice court, whether she in fact seeks $10,000.01 or $10,000,000,000.  That

16  number is therefore meaningless to the amount-in-controversy for the purposes of a diversity

17  analysis.  Nor is it relevant that a defendant has denied liability outright, i.e., that its liability is

18  $0.  A defendant need not admit liability of at least $75,000 in state court (or elsewhere) in order

19  to preserve the statutory ability to remove such that the price of the right to remove is $75,000.

20  And under the language of the statute, any amount paid would be removed from "controversy."

21  Nor is it relevant that a plaintiff has offered to settle for a fixed amount below $75,000.  The

22  question is whether it is more probable than not that the plaintiff, if she prevails on the theories

23  she has alleged in her complaint, can recover more than $75,000 in damages, fees, and costs.

24  That is the definition of the amount in controversy.

25

Here, because Plaintiff has alleged that she demanded Defendant pay the limits on the Policy, and because those limits were for $100,000, it is incredibly unlikely that Plaintiff will not ask the jury for an award in this amount in compensatory damages alone under the breach of contract claim, to say nothing of the bad faith and unfair claims practices tort claims, punitive damages, and attorney's fees.  Plaintiff is more likely than not to receive a verdict of over $75,000 if she prevails on her claims.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge